IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK WALLACE FITZGERALD,
    Plaintiff,

vs.                                     Case No.:  5:13cv261/MW/EMT

SEAN GILLIS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).   After careful consideration of Plaintiff's conduct during the course of these proceedings, it is the opinion of the undersigned that this action should be dismissed for Plaintiff's failure to cooperate in discovery and repeated failure to comply with the court's discovery orders.

I.     BACKGROUND

Plaintiff was an inmate of the Florida Department of Corrections ("FDOC") when he filed this case on July 18, 2013, but he was released two weeks later (*see* doc. 1 at 2; *see also* doc. 4). The court screened the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and—upon a recommendation of the undersigned—the district court dismissed some of Plaintiff's claims against some Defendants on March 29, 2014 (*see* docs. 19, 20).  The remaining identified Defendants received a copy of the complaint and waived service of a summons (*see* docs. 26, 43, 44).  The court issued a Scheduling and Mediation Order on October 24, 2014, setting a discovery deadline of April 17, 2015 (doc. 37). Within about three months of issuance of the court's scheduling order, Defendants sought the court's involvement in a discovery dispute.  More specifically, on January

29, 2015, Defendant Russell filed a "Motion to Compel Discovery Responses, Rule 26 Disclosures and Deposition," stating that Plaintiff failed to comply with discovery in three respects (*see* doc. 45). First, Plaintiff failed to respond to interrogatories and a request for production of documents, both of which were served upon him on November 11, 2014. Second, Plaintiff failed to provide initial disclosures under Rule 26(a)(1). Third, Plaintiff failed to respond to Defendant Russell's attempts to schedule Plaintiff's deposition. On February 3, 2015, the court directed Plaintiff to respond to the motion to compel on or before February 10, 2015 ("response date") (doc. 46). In a separate order issued the same day, the court ordered the parties to personally meet (or confer telephonically or via video-conferencing) prior to the response date to attempt to resolve the discovery dispute (doc. 47). The order directed that if the parties completely resolved the discovery matter, Defendant Russell must so notify the court; but if the parties did not resolve it, either in part or in full, Plaintiff must file a response to the motion to compel by the response date (*id.*). The parties did not completely resolve the discovery dispute. Therefore, pursuant to the court's directive, Plaintiff was required to file a response to the motion to compel. He did not. The court granted Defendant Russell's motion to compel and directed Plaintiff to make the initial disclosures required by Rule 26(a)(1), respond to Defendant Russell's interrogatories and requests for production of documents, and contact Defendant's counsel with dates and times he was available for deposition, on or before February 25, 2015 (within fourteen days from the date of issuance of the order) (doc. 48). The court ordered Plaintiff to pay Defendant Russell the sum of $656.00 for fees incurred in making the motion to compel, and to make the payment on or before April 9, 2015 (within fourteen days from the date of issuance of the order) (doc. 53).

On February 26, 2015, Plaintiff filed a document stating, in its entirety, "Notice of compliance with Document 48. Dated 2-11-15 was mailed on 2-25-15" (doc. 50). However, one month later, on March 30, 2015, Defendants filed a "Motion for Sanctions and for Order to Show Cause" asserting that Plaintiff still had not supplied his initial discovery disclosures and responses to discovery requests, and that Plaintiff had failed to attend his own deposition on March 19, 2015 (*see* doc. 54). Defendants asserted that even though Plaintiff notified the court and Defendants' counsel that he mailed his discovery responses to Defendants' counsel on February 25, 2015, counsel still had not received them as of March 13, 2015 (*see id.*). Therefore, counsel telephoned

Plaintiff on March 13, and Plaintiff stated he mistakenly sent the discovery responses to the court and would re-send them to counsel the next day (on March 14, 2015) (*see id.*).[1] Counsel still had not received any discovery responses as on March 30, 2015, the date of filing of the Motion for Sanctions (*id.*). Defendants' counsel additionally stated that during the telephone conference with Plaintiff on March 13, the parties agreed that Plaintiff's deposition would be held on March 19, 2015, at 10:00 a.m., at a location close to Plaintiff's place of residence, as Plaintiff indicated he would likely have difficulty finding transportation (*see* doc. 54; *see also* doc. 60, Ex. A, Affidavit of Joel R. Mohorter, Esq. ¶¶ 6–7). Defendants' counsel informed Plaintiff that the exact location would be indicated on the Notice of Deposition, which would be sent to him (*see* doc. 54). On March 16, 2015, Defendants' counsel sent Plaintiff a Notice of Deposition via FedEx overnight delivery (*see* doc. 60, Ex. A, Mohorter Aff. ¶ 9). The Notice of Deposition stated that the deposition would take place on March 19, 2015, at 10:00 a.m., at 825 SE 3rd Ave, Suite #200, Ocala, Florida (*see id.*, Ex. 1). FedEx delivered the package to Plaintiff's address of record on Tuesday, March 17, 2015 (*id.*). Defendants' counsel stated he traveled approximately 96 miles to the deposition location and waited for approximately one hour and fifteen minutes, but Plaintiff did not appear (*see* doc. 60, Ex. A, Mohorter Aff. ¶¶ 9, 10, 13, 14). Counsel submitted an affidavit of Sophia Razick, the office manager of counsel's law firm, stating that at 9:33 a.m. on March 19, 2015, Plaintiff called and asked her to notify counsel that he was on his way and was approximately ten minutes away (doc. 54, Ex. 2, Affidavit of Sophia Razick ¶¶ 5–8). Ms. Razick stated that at approximately 10:20 a.m., she called Plaintiff, at the direction of Defendants' counsel, to determine his estimated time of arrival, and Plaintiff indicated he was almost there (*id.*, ¶ 9). Ms. Razick stated that at approximately 10:32 a.m., Plaintiff called and stated that he "went to the wrong courthouse and was going across the street to the correct courthouse" (*id.*, ¶ 10). Ms. Razick stated that at approximately 10:35 a.m., after speaking with Defendants' counsel, she called Plaintiff and advised him that his deposition was not at a courthouse and that it was at a CPA's office located at 825 SE 3rd Ave, Suite 200 (the address stated in the Notice of Deposition) (*id.*, ¶ 11). Ms. Razick stated that at approximately 10:39 a.m., Plaintiff called to confirm the address and indicated he was having trouble finding it (*id.*, ¶ 12).

---

[1] The court has no record of receiving Plaintiff's written discovery responses.

Case No.:  5:13cv261/MW/EMT

Ms. Razick stated that at approximately 10:59 a.m., Plaintiff called and stated he was having trouble finding the office and was still looking (*id.*, ¶ 14).  Ms. Razick stated that at approximately 11:10 a.m., Plaintiff called and stated that the address was incorrect; Ms. Razick repeated the address, and Plaintiff hung up (*id.*, ¶ 15).  Defendants' counsel submitted a Certificate of Non-appearance from the court reporter (Mohorter Aff., Ex. 2).

The court directed Plaintiff to respond to Defendants' motion for sanctions on or before April 15, 2015 (doc. 55).  Plaintiff did not file a response; therefore, on April 21, 2015, the court issued an order directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with court orders (doc. 56).  Plaintiff filed a response to the show cause order on April 28, 2015, stating he did not appear at his deposition at the scheduled time (10:00 a.m. on March 19, 2015), because he had "an unforseen mishap" with his transportation (doc. 58).  He also asserted that he was "never" informed of the location of the deposition, so he appeared at the state courthouse (*id.*).  He asserted he then spoke with an employee of Defendants' counsel, who directed him to the federal courthouse (*id.*).  He asserted he went to the federal courthouse and again contacted counsel's office, and was told to go to 825 S.E. 3rd Street (*id.*).  Plaintiff stated he proceeded to that address and discovered that the correct address was 825 S.E. 3rd Avenue, but no address was visible on the building (*id.*).  Plaintiff asserted that after an hour of searching, he arrived at that location at 11:15 a.m., but he was told that Defendants' counsel had left approximately one hour earlier (at 10:15 a.m.) (*id.*).  Plaintiff submitted a receipt from Tire Jungle in Homosassa Springs, Florida, dated March 19, 2015, for purchase of a used tire (doc. 58, Ex. A).[2]  Plaintiff also submitted several photographs of the location of the deposition, which was the office of a certified public accountant (*see* doc. 58, Ex. C).  He also submitted a statement signed by Carolyn Zyburt, stating that she drove Plaintiff to his deposition on March 19, 2015, that they were delayed by a flat tire, that Plaintiff spoke with "the secretary" four or five times to get directions but she (the secretary) "did not know," that she and Plaintiff were never told that the deposition would be held in a CPA's office, and that she and Plaintiff arrived at the deposition location at approximately 11:00 a.m. (doc. 58, Ex. E).

---

[2] The court takes judicial notice that Homosassa Springs is approximately 26 miles <u>southwest</u> of Dunnellon, Plaintiff's city of residence, but the location of Plaintiff's deposition was Ocala, which is approximately 25 miles <u>northeast</u> of Dunnellon.

Case No.: 5:13cv261/MW/EMT

Neither Plaintiff's response nor Ms. Zyburt's statement were signed under penalty of perjury or in affidavit form.

On May 1, 2015, Defendants filed a "Motion to Extend Deadlines and/or to Hold this Matter in Abatement," requesting an extension of the deadlines set forth in the Scheduling and Mediation Order, or at least abatement of this case pending disposition of their motion for sanctions and Plaintiff's compliance with the court's previous orders (*see* doc. 61). Defendants' counsel stated he still had not received Plaintiff's discovery materials (*id.*). Defendants argued they should not be forced to continue incurring expenses in this action when Plaintiff had not cooperated and had made material misrepresentations to the court; whereas Defendants' counsel had continuously extended professional courtesies to Plaintiff and attempted in good faith to move the case through the discovery process (*id.*).

On May 5, 2015, the court granted Defendants' "Motion to Extend Deadlines and/or to Hold this Matter in Abatement," and stayed the deadlines set forth in the Scheduling and Mediation Order until Plaintiff made the requisite initial discovery disclosures under Rule 26(a)(1), responded to Defendant Russell's interrogatories and requests for production of documents, and attended his own deposition (doc. 62). Additionally, the court ordered Plaintiff to do the following:

> 1. On or before **MAY 19, 2015**, Plaintiff shall ensure that his Rule 26(a)(1) disclosures and responses to Defendant Russell's interrogatories and requests for production of documents are delivered to Defendants' counsel. **Plaintiff's failure to comply with this directive will result in an immediate recommendation of dismissal of this action**.
>
> 2. On or before **JUNE 2, 2015**, Plaintiff shall attend his own deposition at the office of Defendants' counsel at a date and time set by Defendants' counsel. **Plaintiff's failure to comply with this directive will result in an immediate recommendation of dismissal of this action**.

(doc. 62).

On May 21, 2015, the court ordered Plaintiff to pay Defendants the sum of $1,047.90 for fees and costs incurred as a result of Plaintiff's failure to attend his own deposition, and the court directed Plaintiff to personally deliver that amount to Defendants' counsel when Plaintiff appeared for his rescheduled deposition on June 1, 2015 (*see* docs. 65, 70).

On June 9, 2015, after Plaintiff's scheduled deposition, the court directed Defendants to notify the court whether Plaintiff satisfied the conditions for lifting the stay (doc. 72). Defendants filed a Notice of Noncompliance, stating Plaintiff only partially complied with the court's orders (doc. 73). Defendants stated that Plaintiff complied with the court's order that he appear for his deposition; however, he failed to comply with four of the court's directives (*id.*). First, Plaintiff still failed to serve initial Rule 26(a)(1) disclosures. Second, although Plaintiff provided some documents in response to Defendants' request for production, he did not serve written responses to the requests for production. Furthermore, Plaintiff indicated during his deposition that he had approximately two hundred pages of additional documents responsive to Defendants' discovery request that he had not yet provided, and he agreed on the record to produce those documents within seven days of June 2, 2015. Defendants stated that as of June 16, they had not received the documents. Third, although Plaintiff served answers to some interrogatories, his answers were not under oath, he did not respond to seven interrogatories (#10, #14, #17, #20, #21, #22, and #23), and he provided incomplete answers to two interrogatories (#11 and #18). Fourth, Plaintiff delivered $160.00 in cash to Defendants' counsel, and indicated he was under the impression that he only owed Defendants $147.90 due to a scrivener's error in the court's May 21 order, which directed Plaintiff to pay "$1,47.90" (doc. 70). Plaintiff requested change from Defendants' counsel, for the difference between $160.00 and $147.90, but Defendants' counsel rightfully refused to provide change, since Plaintiff owed a total of $1,703.90 ($1,047.90 + $656.00).

In an order issued on June 19, 2015, the undersigned acknowledged the scrivener's error in the May 21 order, but noted that is was abundantly clear from the body of the May 21 order that Plaintiff was required to pay $1,047.90, and that under no reading of the order could Plaintiff have formed a good faith belief that he was required to pay only $147.90 (*see* doc. 74).[3] The court noted

---

[3] The court explained that in the second paragraph of the May 21 order, the court had noted that Defendants sought $800.00 in attorney's fees, $110.40 in mileage reimbursement, and $137.50 in court reporter fees (doc. 74 at 2 n.1). And that <u>in the following sentence in the same paragraph</u>, the court had indicated that the total amount sought by Defendants was "$1,47.90" (*id*.). Because $800.00 + $110.40 + $137.50 = $1,047.90, and Plaintiff knew the court's ruling was based on an award to Defendants in the total amounts they claimed, the court found it wholly unreasonable for Plaintiff to contend he was required to pay only $147.90 (*id*.). What is more, the court noted, Plaintiff was well aware at the time he produced only $160.00 to Defendants, that he additionally owed Defendants $656.00 pursuant to the court's March 26 order (*id*.; *see also* doc. 53).

Case No.: 5:13cv261/MW/EMT

that this was yet another example of Plaintiff's willful disregard for—and manipulation of—the judicial process. The court additionally noted that Plaintiff initiated this process nearly two years ago (in July of 2013), and this case was originally set for trial on July 20, 2015 (*see* doc. 37), but due to Plaintiff's non-compliance, the case had progressed little in the past several months. The court ordered Plaintiff to do the following:

> 1. On or before **JULY 2, 2015**, Plaintiff shall hand deliver the following to Defendants' counsel:
>    a. initial Rule 26(a)(1) disclosures,
>    b. written responses to Defendants' requests for production,
>    c. the additional documents he identified in his deposition, and
>    d. answers under oath, or specific objections, to each of Defendants' interrogatories.
>
> 2. On or before **JULY 9, 2015**, Plaintiff shall do the following, in person, at any one of this court's divisional clerk's offices (Gainesville, Tallahassee, Panama City, or Pensacola):
>    a. pay to the clerk of court the amount of $1,543.90 ($1,703.90 - 160.00), and
>    b. file a notice, signed under penalty of perjury, stating whether he complied with the requirements of paragraph #1 of this order.

(doc. 74). The court advised Plaintiff that the "hand-delivery" and "in-person" requirements were being imposed so he could not later claim he placed the requisite materials in the mail, but they were lost or otherwise undelivered through no fault of his own, as he had previously claimed (*see id.*). The court further advised Plaintiff that the court would not entertain an excuse that a vehicle broke down en route to the office of Defendants' counsel or the office of the clerk of court, as he had also previously claimed (*see id.*). The court advised Plaintiff that if he later offered another excuse (to either the court or Defendants' counsel) for non-compliance with the court's order, the court would—depending on the nature of the excuse—either: (1) immediately recommend dismissal of this action; or (2) require Plaintiff to appear before the court and provide sworn testimony regarding the excuse(s), his prior excuses for non-compliance, and any other matter the court deemed relevant (*see id.*). Finally, and most importantly, the court expressly and emphatically warned Plaintiff that his failure to fully and timely comply with the terms of the June 19 order would result in an immediate recommendation of dismissal of this action (*see id.*).

The docket reflects that as of today's date, there has been nothing filed in this case since the court's order of June 19. Additionally, the clerk of court has confirmed that the court has not received any filings or funds from Plaintiff since the June 19 order issued.

II.  ANALYSIS

Rule 37 provides, in relevant part:

**(b) Failure to Comply with a Court Order.**
. . . .
   **(2) Sanctions Sought in the District Where the Action Is Pending.**

> **(A) For Not Obeying a Discovery Order.** If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed R. Civ. P. 37(b).

With regard to a party's failure to provide Rule 26(a) disclosures, Rule 37 provides:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

   **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).

With regard to a party's failure to respond to a request for production and inspection of documents, Rule 37 provides:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> **(1) In General.**
>
>> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>> . . . .
>>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>> . . . .
>
> **(2) Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>
> **(3) Types of Sanctions.** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

Notwithstanding its authority under Rule 37 to sanction a party with dismissal for its failure to comply with an order of the court, the "trial court's discretion regarding discovery sanctions is not unbridled." Doye v. Colvin, 378 F. App'x 926, 927 (11th Cir. 2010) (unpublished[4]) (citing Wouters v. Martin County, Fla., 9 F.3d 924, 933 (11th Cir. 1993))."Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not satisfy a Rule 37 default judgment or dismissal." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). Similarly, mere negligence or confusion is not sufficient to justify dismissal with prejudice under Rule 41(b) for noncompliance with a court order. McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986); Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); *see also* Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (indicating that mere negligence is insufficient to justify a finding of delay or willful misconduct). Rather, because dismissal with prejudice is the ultimate sanction, before dismissing a lawsuit pursuant to Rule 37, a district court must find that (1) the plaintiff's failure to comply with the relevant order was willful or in bad faith; and (2) lesser sanctions would not suffice. *See* Wouters, 9 F.3d at 933–34 (reversing Rule 37(b) dismissal because lesser sanction of an award of attorney's fees was available, court failed to make a specific finding of bad faith resistance to its discovery orders, and defendant was not prejudiced since it later obtained requested information during plaintiffs' depositions); Malautea, 987 F.2d at 1542; Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988) (affirming Rule 37(b) dismissal because lesser sanctions had failed); Doye, 378 F. App'x at 927 (finding error in dismissal of prisoner's civil rights suit as sanction for violation of discovery order because record did not support finding that prisoner's refusal to submit to rescheduled deposition was willful or in bad faith and court did not consider lesser sanctions). In addition to these two considerations, the court should also assess whether the plaintiff's noncompliance with its orders has prejudiced the other party. *See* Wouters, 9 F.3d at 934; Ford v. Fogarty Van Lines, 780 F.2d 1582, 1583 (11th Cir. 1986).

If the party does not provide a credible explanation of how he interpreted an order compelling discovery in a way that excluded certain documents from the scope of the order, the

---

[4] The undersigned cites unpublished Eleventh Circuit opinions only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 5:13cv261/MW/EMT

party's unsupported assertion that he misunderstood the order is insufficient, and it is not clear error for the district court to find that the party's failure to comply with the discovery order was willful and in bad faith.  *See* <u>Malautea</u>, 987 F.2 dat 1543.  Further, when a party claims that he was unable to produce documents in the time allowed by the court, but he does not produce any evidence to support the argument, a district court's finding of willfulness is not clearly erroneous.  *See id.*

Here, Plaintiff never provided Defendants with his initial Rule 26(a)(1) disclosures, he failed to serve answers or objections to all of Defendants' interrogatories, he failed to produce all documents responsive to Defendants' requests for production, and he failed to serve written responses to Defendants' requests for production.  Additionally, Plaintiff repeatedly disregarded the court's discovery orders, without showing that he was unable to comply with the court's directives and even when the court warned him that his failure to comply would result in immediate dismissal of this case.  With regard to the court's last discovery order, issued on June 91, 2015, the court advised Plaintiff that if he offered an excuse for non-compliance with the order, the court would, depending on the nature of the excuse, either hold a hearing on the credibility of his excuse or recommend dismissal of the case (*see* doc. 74).  Plaintiff offered no excuse for his failure to comply.  The court finds that Plaintiff's conduct amounts to willful disobedience of the court's discovery orders.  *See* <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 948 (9th Cir. 1993) (noting that all that is required to demonstrate willfulness, bad faith, and fault is "disobedient conduct not shown to be outside the control of the litigant").  Moreover, Defendants maintain that defending against Plaintiff's claims (providing initial discovery disclosures, preparing discovery requests to Plaintiff, preparing for and attending one deposition for which Plaintiff did not appear, and preparing motions to compel and for sanctions as well as court-ordered notices regarding Plaintiff's compliance with discovery orders) has been costly to them in terms of both time and resources (*see* docs. 45, 49, 54, 60, 61).

Finally, the court has twice imposed monetary sanctions against Plaintiff for his non-compliance, but that did not motivate him to comply.  The court can discern no effective means of motivating Plaintiff to cooperate in discovery and move this case forward—no lesser sanction short of dismissal appears appropriate.  *See* <u>Aztec Steel Co. v. Fla. Steel Corp.</u>, 691 F.2d 480, 482 (11th Cir. 1982) (district court's dismissal of case with prejudice was appropriate sanction for plaintiff's

willful disregard for the court and the discovery process, pursuant to Rule 37(b), where: defendants served interrogatories on plaintiff; plaintiff's answers were both evasive and incomplete; when defendants were unable to negotiate complete answers, they filed motions to compel; the motions to compel were granted, and plaintiff eventually filed supplemental answers; defendants subsequently filed a second motion to compel, claiming that plaintiff's answers remained inadequate; the motion to compel was granted, and plaintiff filed another set of supplemental answers; defendants moved to dismiss, asserting that plaintiff's answers to their interrogatories remained incomplete; and, after a hearing, a magistrate judge rejected plaintiff's claim of inability to supply complete answers, and found that plaintiff had willfully and knowingly failed to comply with the court's orders); *see also, e.g.*, Zow v. Regions Fin. Corp., 595 F. App'x 887, 888–89 (11th Cir. 2014) (unpublished) (district court's dismissal of case with prejudice was appropriate sanction for pro se plaintiffs' willful failure to comply with discovery order directing them to attend Rule 26(f) conference); Shortz v. City of Tuckegee, Ala., 352 F. App'x 355, 359–60 (11th Cir. 2009) (unpublished) (district court did not abuse its discretion in dismissing pro se plaintiff's claims with prejudice for failure to comply with the court's discovery orders, pursuant to Rule 37(b)(2)(A), where: plaintiff was aware of the consequences of failing to comply with the court's orders, as the magistrate judge warned plaintiff on two occasions that failure to produce the requested discovery could result in dismissal of his case, and in light of plaintiff's willful continued failure to comply with the court's orders and his failure to offer an explanation for his non-compliance, any sanction less than dismissal with prejudice would not have sufficed); Smith v. Atlanta Postal Credit Union, 350 F. App'x 347, 350–51 (11th Cir. 2009) (unpublished) (district court did not abuse its discretion in dismissing pro se plaintiff's employment discrimination case with prejudice for failure to comply with her discovery obligation, the procedural rules applicable to her case, and the court's discovery order, pursuant to Rule 37(b)(2)(A) and Rule 41(b); plaintiff failed to comply with the Federal Rules of Civil Procedure and refused to cooperate during the discovery process (by refusing to answer certain questions during her deposition and failing to make adequate, timely responses to defendant's initial discovery requests), her conduct evinced a flagrant disregard for both her obligations as a litigant and the federal procedural rules, and court previously warned her and attempted to deter future abuses of the discovery process by imposing lesser sanction of attorney's

fees); Welch v. Comcar Indus., 139 F. App'x 138, 139 (11th Cir. 2005) (unpublished) (district court did not abuse its discretion in dismissing pro se plaintiff's case with prejudice, pursuant to Rule 37(b)(2) and 41(b); on at least five separate occasions plaintiff failed to comply with court orders directing him to participate in discovery; the magistrate judge unequivocally warned plaintiff numerous times that his pro se status did not excuse noncompliance and that failure to comply with court orders could result in the dismissal of his action; and prior to dismissal of the action, the magistrate judge ordered plaintiff to show cause why sanctions should not be imposed for his failure to participate in discovery; however, plaintiff failed to show cause as the magistrate judge ordered, indicating that lesser sanctions would not have sufficed); Riccardi v. Louis, No. 5:13cv70/RS/GRJ, 2014 WL 4428149 (N.D. Fla. Sept. 9, 2014) (unpublished) (dismissing pro se plaintiff's civil rights case with prejudice for failure to prosecute and repeated failure to comply with court orders, where plaintiff failed to attend two scheduled depositions, failed to respond to two motions for sanctions and an order to show cause, failed to pay monetary sanctions as ordered by the court, and failed to provide the court and opposing counsel with a phone number where he could be reached).

However, the lesser sanction of a dismissal without prejudice, as opposed to permanently extinguishing Plaintiff's claims through the remedy of dismissal with prejudice, may suffice to punish Plaintiff's disobedience with the court's orders; therefore, the undersigned will recommend dismissal of this case without prejudice.[5]  *See, e.g.*, Beckworth v. Senior Home Care, Inc., No. 3:12cv351/MCR/EMT, 2014 WL 4185124, at *8 (N.D. Fla. Aug. 22, 2014) (unpublished) (dismissing without prejudice class action plaintiffs' claims under FLSA based upon plaintiffs' failure to respond to discovery requests over a period in excess of five months, failure to comply with the court's two discovery orders (one of which warned of dismissal for noncompliance), and failure to communicate with their counsel or the court); Trim v. Dollar Tree Stores, Inc., No. 5:11cv267/RS/CJK, 2012 WL 379594, at *2–3 (N.D. Fla. Jan. 5, 2012) (unpublished) (dismissing without prejudice pro se plaintiff's case based upon plaintiff's failure to obey discovery orders, failure to attend her own deposition, and failure to prosecute and comply with orders of the court),

---

[5] It does not appear that a dismissal without prejudice would have the effect of a dismissal with prejudice due to a statute of limitations bar, because Plaintiff alleges that the allegedly unconstitutional conduct occurred in April of 2012 (*see* doc. 1).

Case No.:  5:13cv261/MW/EMT

*Report and Recommendation Adopted by* 2012 WL 379599 (N.D. Fla. Feb. 3, 2012) (unpublished). *Cf.* Bettis v. Toys "R" Us–Delaware, Inc., 273 F. App'x 814 (11th Cir. 2008) (unpublished) (sua sponte dismissal of employment discrimination complaint for failure to comply with court order and local rule, which was in effect a dismissal with prejudice due to running of statute of limitations on certain claims, was abuse of discretion, even though the record was replete with instances in which plaintiff's counsel failed to comply with court orders and court warned plaintiff that failure to comply could result in dismissal, given absence of explicit finding that such conduct was willful and not mere negligence and lack of basis for inferring such a finding, and given that other sanctions imposed by court were to compel discovery and did not include fines, contempt, or disciplinary action against plaintiff's counsel).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, "Rule 37 sanctions were designed 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1447 (11th Cir. 1985) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)). If Plaintiff suffered no penalty for his recalcitrance, there would be little or no disincentive for him to attempt to wage future litigation in a similar manner. This court must not allow such conduct to go unpunished. *See* Reed v. Fulton Cnty. Gov't, 170 F. App'x 674 (11th Cir. 2006) (unpublished) ("Permitting such behavior enables litigants to 'flout' the court's discovery orders and needlessly delay the case.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice**, pursuant to Rule 37(b)(2)(A), for Plaintiff's failure to comply with the court's discovery orders.

2. That the clerk of court enter judgment accordingly.

At Pensacola, Florida, this 23<u>rd</u> day of July 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**